SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ
RESIDENT JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

May 18, 2022

Quentin T. Jones
SBI #358258
Unit E, D-53
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Natalie Woloshin, Esquire
Woloshin, Lynch & Associates, P.A.
3200 Concord Pike
Wilmington, DE 19803

Patrick J. Collins, Esquire
Collins & Associates
8 East 13th Street
Wilmington, DE 19801

Re:     *State of Delaware v. Quentin Jones*
        Def. ID No. 1502002252
        Motion to Amend Rule 61 Motion (R-1)

Dear Mr. Jones and Counsel:

On May 2, 2022, Quentin T. Jones ("Jones" or "Movant") filed a timely Rule

61 Motion, in which he asserted three claims of ineffective assistance of counsel.

1

On May 11, 2022, I denied that Rule 61 Motion and the accompanying Motion for Appointment of Postconviction Counsel. In a letter filed on May 13, 2022 (the "Motion to Amend the Rule 61 Motion"), Movant seeks to add a fourth ground for postconviction relief: Abuse of Discretion by the Court. The sum total of his argument is that I had a "closed mind" in my ruling on evidence which contradicted the victim's testimony in court.

Movant's statement of his fourth ground in his May 13th is brief, conclusory, non-specific, and provides no factual support for his claim. This in and of itself could constitute a sufficient independent basis for my denial of the Rule 61 Motion.[1] This Court has held that "[a] movant [under Rule 61] must support his or her assertions with 'concrete allegations of actual prejudice, or risk summary dismissal.'"[2] In this case, "[i]t plainly appears from the motion that Defendant has not shown entitlement to relief. Defendant's motion is completely conclusory, and [he] has failed to support his claims with facts. For these reasons

---

[1] "The Motion shall specify all the grounds for relief which are available to the movant and of which the movant has or, by the exercise of reasonable diligence, should have knowledge, *and shall set forth in summary form the facts supporting each of the grounds thus specified.*" Super. Ct. Crim. R. 6l(b)(2) (emphasis supplied).

[2] *State v. Johnson,* 2009 WL 638511, at *1 (Del. Super. Mar. 12, 2009), *aff'd* 977 A.2d 898 (Del. 2009) (quoting *State v. Childress*, 2000 WL 1610766, at *1 (Del. Super. Sept. 19, 2000)).

Defendant's motion warrants summary dismissal."[3]   I make reasonable inferences to divine Movant's meaning, to discuss his contention.

Rule 61 provides in pertinent part:

A motion may be amended as a matter of course at any time before a response is filed or thereafter by leave of court, which shall be freely given when justice so requires. (Emphasis supplied.) [4]

In this case, the State has not filed a response to Movant's Rule 61 Motion.   I will allow this amendment of Movant's Rule 61 Motion.   That being said, the fourth claim is procedurally barred for two reasons.

First, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless the movant can show "cause for relief" and "prejudice from [the] violation."[5]   This provision bars claims that were not raised in the proceedings unless Movant can establish cause for failing to timely raise the claim, and actual prejudice from failing to raise the claim.[6]   In this case, Movant has never raised his "closed mind" claim before, including in his appeal to the Delaware Supreme Court.   This procedural default bars Movant's fourth claim.

---

3 *Id*. at *2.
4 Super. Ct. Crim. R. 61(b)(6).
5 Super. Ct. Crim. R. 61(i)(3).
6 *Wilson v. State*, 900 A.2d 102 (Table), 2006 WL 1291369, at *2 (Del. May 9, 2006) (citing *McCluskey v. State*, 782 A.2d 265 (Del. 2001)).

Second, grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, *in an appeal*, in a post-conviction proceeding, or in a federal habeas corpus hearing" (emphasis added) are barred.[7] Movant appealed my denial of his motion to withdraw his *nolo contendere* plea to the Delaware Supreme Court.[8] In that decision, the Supreme Court held that my imposition of ten years of unsuspended Level V time was not an abuse of my discretion.[9]

The Supreme Court further held that the State presented strong evidence of Movant's guilt and that, while charges of rape with little extrinsic evidence can be difficult, the victim's evidence was clear and convincing. I concluded that Movant's innocence claim was just "his take on the facts of the case." The Supreme Court found that this conclusion was not an abuse of my discretion.[10]

Finally, the Supreme Court held that, in acting in my role as factfinder, I was the sole judge of credibility and therefore it would not disturb my conclusions of fact

---

7 Super. Ct. Crim. R. 61(i)(4).

8 If a motion to withdraw a plea of *nolo contendere* is made before sentence is imposed, the Superior Court may permit the plea to be withdrawn for any fair and just reason. At any later time, a plea may be set aside only by motion under Rule 61. Super. Ct. Crim. R. 32(d).

9 *Jones v. State*, 2022 WL 1134744 (Table) (Del. Apr.18, 2022), at *3.

10 *Id.*

4

when supported by competent evidence. It held my decision that defense counsel's conduct was adequate and reasonable was not an abuse of my discretion.[11]

These clear rulings by the Delaware Supreme Court as to my proper exercise of judicial discretion demonstrate that I had an "open mind" in this case. Movant's fourth claim is procedurally barred as formerly adjudicated.

Given that Movant's fourth claim is procedurally barred for two reasons, summary dismissal is appropriate.[12] For the reasons set forth above, the Motion to Amend the Rule 61 Motion is **GRANTED**, but Movant's fourth claim under the Rule 61 Motion is **DENIED**.

**IT IS SO ORDERED**.

Very truly yours,

/s/ Craig A. Karsnitz

cc: Prothonotary

---

11 *Id.*
12 Super. Ct. Crim. R. 61(d)(5).